IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 00-cv-02325-MSK-MEH

SIERRA CLUB and
MINERAL POLICY CENTER,

      Plaintiffs,

v.

CRIPPLE CREEK AND VICTOR GOLD MINING COMPANY,
ANGLOGOLD ASHANTI (COLORADO) CORPORATION,
ANGLOGOLD ASHANTI NORTH AMERICA, INC., and
GOLDEN CYCLE GOLD CORPORATION,

      Defendants,

and

Civil Action No. 01-cv-02307-MSK-MEH

SIERRA CLUB, and
MINERAL POLICY CENTER,

      Plaintiffs,

v.

CRIPPLE CREEK & VICTOR GOLD MINING COMPANY,
ANGLOGOLD (COLORADO) CORPORATION,
ANGLOGOLD NORTH AMERICA, INC., and
GOLDEN CYCLE GOLD CORPORATION,

      Defendants.

**ORDER DENYING MOTION FOR RECONSIDERATION**

THIS MATTER comes before the Court on the Defendants' Motion for Reconsideration

**(#363)**, to which the Plaintiffs responded **(#373)**, and the Defendants replied **(#376).** Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiffs filed a Motion for Stay of Judgment Pending Appeal and to Waive Bond, or in the Alternative, to Allow for Letter of Credit or Reduced Bond **(#351)** on January 22, 2007. After the Court received no timely response from the Defendants, the Court granted the motion on February 14, 2007 in an Order Amending Judgment and Granting Motion for Stay of Judgment Pending Appeal **(#361)**.

The Defendants ask the Court to reconsider that ruling. They argue that pursuant to Fed. R. Civ. P. 6(e), they had 23 days to file their response and that their response was timely filed on February 14, 2007. However, they do not argue that the Court's ruling was erroneous in any respect. The Plaintiffs object to the Defendants' request. They contend that Fed. R. Civ. P. 6(e) does not apply, and that a response to their motion was due on February 12, 2007. They also contend that they will be prejudiced if the Defendants' request is granted, because they have already expended time and resources in obtaining security for their appeal in the manner authorized by this Court. In reply, the Defendants concede that the Plaintiffs' position with regard to the untimeliness of their response is supported by the law. They now assert that their failure to timely respond to the Plaintiffs' motion was based upon an erroneous, albeit good faith, calculation of the deadline to respond. They therefore ask the Court to consider their late-filed response and to reconsider its ruling on the Plaintiffs' motion.

A court may reconsider its prior ruling in accordance with Fed. R. Civ. P. 60(b), which provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Other grounds which warrant reconsideration include: (1) an intervening change in controlling law, (2) new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

The parties are now in agreement that the Defendants did not timely respond to the Plaintiffs' motion. In their motion for reconsideration, the Defendants do not contend that the Court's ruling on the Plaintiffs' motion was legally deficient in any respect. Without new facts or case authority, they simply argue for a different outcome. Under such circumstances, the Court declines to reconsider its prior determination.

**IT IS THEREFORE ORDERED** that the Defendants' Motion for Reconsideration **(#363)** is **DENIED**.

Dated this 20th day of March, 2007

                                              **BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge